UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FATHIREE ALI,
Plaintiff,

vs

Case No. 1:22-cv-287
Honorable Janet T. Neff
Magistrate Sally J. Berens

SUSANNE KNIGHT, Food Service Supervisor; CHERYL PITTS-PALMATEER, Food Service Supervisor; GREGORY TORREY, Food Service Director, KIRSTEN LOSINSKI, Classification Director and HEIDI WASHINGTON, Director of Michigan Department of Corrections; in their individual and official capacities,

Defendants.
_______________________________________/

FATHIREE ALI, #175762
In Pro Per
Saginaw Corr Facility
9625 Pierce Rd.
Freeland, MI 48623
_______________________/

JENIFER A. FOSTER
Attorney for Defendants
P.O. Box 30217
Lansing, MI 48909

There is no other pending or resolved civil action between the same parties arising out of the transaction or occurrence alleged in the complaint

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

### INTRODUCTION

Fathiree Ali, a state prisoner, brings this civil rights action for damages, and declaratory and injunctive relief under 42 USC §1983, to enjoin all Defendants from burdening, coercion and deprivation of his religious practice, and retaliatory threats of disciplinary sanctions for his religious practice, as a violation of his sincerity held religious beliefs protected by the Religious Land Use and Institutionalized Persons Act, 42 USC §2000cc et seq., First, Eighth and Fourteenth Amendments of the United States and Michigan Constitutions

## JURISDICTION AND VENUE

1. The instant action arises under the Religious Land and Institutionalized Persons Act, 42 USC §2000cc et seq., and the First, Eighth and Fourteenth Amendments of the United State and Michigan Constitutions.

2. This Court has subject-matter jurisdiction pursuant to 28 USC §§1331(1), 1343.

3. This Court has jurisdiction over Plaintiff's claims for declaratory and injunctive relief under 28 USC §§2201 and 2202.

4. At all relevant times, Defendants were acting within the scope of their respective employment under color of law, cloaked with the authority which was granted to them.

5. This cause of action arose at the Lakeland Correctional Facility, State of Michigan. Venue is proper under 28 USC §1391.

6. At all times material to this Complaint, these Defendants acted toward Plaintiff under color of the statue, ordinances, customs, and usage of the State of Michigan and MDOC.

## PREVIOUS LAWSUITS/CIVIL ACTIONS

7. Plaintiff previously filed the following complaints: Ali v Hofbauer, 2:1997-cv-70236 (habeas complaint of criminal conviction); Ali v McGinnis, 2:1997-cv-72167; Ali v Pembleton 02-cv-72360; Ali v Betts, 1:18-cv-01201; Ali v Simmons, 1:19-cv-0126; Ali v Adamson, 1:21-cv-0071. Plaintiff has also filed two claims in Michigan's Court of Claims.

## EXHAUSTION REQUIREMENTS

8. Ali filed a grievance on the claims presented through all available steps by the MDOC. The Step III grievance was denied on March 26, 2019.

THE PARTIES

9. Plaintiff, Fathiree Ali, at all times relevant to this complaint was a prisoner confined with the State of Michigan at Lakeland Correctional Facility.

10. Defendants Knight and Pitts-Palmateer work at Lakeland as Food Service Supervisors of Trinity Group, contracted by the MDOC, where they make individualized assessments and decisions related to the enforcement of policies and procedures related to prisoner's assignments and rights within the food service. At all times relevant they were acting under the color of state law. Both Ms. Knight and Pitts-Palmateer are sued in their individual and official capacities.

11. Defendant Gregory Torrey, Food Service Director at Lakeland for the Michigan Department of Corrections, contracted through Trinity Group. Mr. Torrey is sued in his individual and official capacities. At all times relevant, he was acting under color of state law. Defendant Torrey is his role is responsible for promulgating, and overseeing preparation and distribution food to the prison population, managing work assignments, religious accommodations, religious and food service policies and procedures and making individualized determinations related to prisoner employment in food service, and rights within the MDOC.

12. Defendant Kirsten Losinski, is the Classification Director, with the Michigan Department of Corrections at Lakeland, and at all times was acting under the color of state law. Ms. Losinski in her role is responsible for enforcement of policies and procedures related to classifying prisoners and work assignments and rights within the facility. Defendant Losinski often make individualized assessments related to employable and unemployable status, terminations, assignments and case plan. Ms. Losinski is being sued in her individual and official capacities.

13. Defendant Heidi Washington, Director of the MDOC. Ms. Washington is sued in her individual and official capacities. At all times relevant, she was acting under color of state law. Defendant Washington is responsible for promulgating and and enforcing policies and procedures throughout the Michigan Department of Corrections.

JURY TRIAL DEMAND

14. Plaintiff Demands a Jury Trial.

COMMON FACTUAL ALLEGATIONS

15. Plaintiff is a devout Muslim and adherent of the Islamic faith and way of life, who is in the custody of the MDOC, is currently housed at the Saginaw Correctional Facility, Freeland, Michigan. At all times, pertinent to this litigation, Ali resided at Lakeland, in Coldwater, Michigan.

16. All Muslims around the world obtain their religious guidance from the Word of Allah, the Qur'an, and from the Sunnah of Prophet Muhammad saw (saw: is an a Muslim's etiquette to send, "peace and blessing be upon the Nobel Prophet.")

17. Based on the Islamic jurisprudence, Muslims are prohibited from handling or distributing haraam (i.e., unlawful, forbidden) foods for consumption. The majority of the Muslims believe that Muslims are commanded to facilitate all good actions and leave off back actions [3:104]. Muslims believe that they can not aid & abet in any conduct that Allaah has prohibited [4:84], nor make lawful anything that Allaah has prohibited [4:65].

18. The majority of Muslims believe that disobedience is a form of disbelief, and is punishable by removal of good deeds, disgrace, loss of Allaah's Favor/Love, hardship in life, and a painful torment in the Hell Fire.

19. Mr. Ali is amongst the adherents of Islaam that believe that you must obey Allaah and His Messenger saw. Furthermore, Mr. Ali is amongst the Muslims

that sincerely believe that any rejections of Allaah and His Messenger's saw guidance makes one a disbeliever.

20. It is Mr. Ali's sincerely held religious belief that he must be able to adhere to the Islamic tenets in his daily living affairs.

21. Under the MDOC policy, prisoners such as Ali are permitted to abstain from any food that violate their religious tenets. Defendants Knight, Pitts-Palmateer, Torrey and Losinski has stated that it is the MDOC and their policy, pattern and practice to instruct Muslims to wash their hands and wear gloves while they handle and distribute any foods that violate religious beliefs

22. It also true that Defendants Knight, Pitts, Torrey and Losinski do not coerce some Muslims to comply with their instructions or subject them to termination and disciplinary actions, while providing them with jobs that align with their religious tenets.

23. Based on MDOC policy, PD 05.01.100, Prisoner Program Classification, Double "OO" is a sanction given to prisoners who refuse to accept or fails to fully and actively participate in a work assignment. The "OO" sanction is for a minimum of 90 days, in which restricts a prisoner to his room/bunk area and prohibit them from religious study groups, yard, hobbycraft, use of the phone, access to facility programs, weight-pit, library or use of kiosk for communicating with family and friends from 8a.m. to 4p.m., unlike other similarly situated persons.

24. This case is about Defendants Knight, Pitts-Palmateer, Torrey and Losinski implementation and enforcement of certain Policy Directives in a manner that substantially burden's Mr. Ali's sincerely held religious beliefs without a compelling law enforcement purpose, where there are least restrictive means available.

25. For instance, Policy Directive, 05.01.100 by Defendants which violates

the First Amendment as well as other federal and state laws. Based on this policy, Defendants Knight, Pitts-Palmateer, Torrey and Losinski coerce Mr. Ali to repeatedly serve haraam foods, inhibiting Ali's ability to practice his sincerely held religious beliefs and engage in conduct that violated his beliefs. The incorrect interpretation of this policy has oppressed, defiled the Plaintiff and any similar applications of it will further oppress faith communities throughout the State of Michigan prisons.

26. In December 2016, Defendant Losinski, assigned Ali to work in Food Service. During the food service interview, Ali informed Defendant Pitts and Torrey of his willingness to work, but that his religious beliefs prohibited him from serving any haraam foods. Pitts told Ali that he will wear gloves, so it will not violate his beliefs. Torrey told Ali that he will do whatever he is told, and if he did not comply, he would punish Ali with a misconduct ticket and "OO." Torrey commenced the "OO" proceedings against Ali.

27. Because of the pending "OO" status, Losinski re-evaluated Ali's "OO" status. Plaintiff told Losinski, that he did not refuse to work and was willing to work in any food service position that did not violate his religious beliefs, which prohibits his serving haraam foods, just as it is against the law to give liquor to minors. Losinski told Ali that she does not have to accommodate his beliefs, his beliefs will not undermine MDOC policy, and that his beliefs permitted him to wearing gloves. Still, Losinski assigned Ali to work in food service, and threaten him with penalties if he did not work, and do whatever he was told.

28. Even though Losinski did assign Ali to food service, there were others who she, Knight, Pitts and Torrey gave accommodations or work duties in food service that did not compromise their beliefs, medical or age disabilities.

29. During the morning and afternoon meals on December 21, Defendant Knight

though informed of the prohibitions of Ali's beliefs, assigned him to serve haraam foods to a prison population of seventeen hundred. Midway through the afternoon meal, Pitts relieved Knight, at which time Pitts had Ali continue to serve the lunch meal, and dinner meals, that violate Ali's beliefs. Both Knight and Pitts repeatedly told Ali to serve the meals or be terminated with sanctions.

30. Similarly, Torrey responded to Ali complaints about Pitts and Knight's conduct with more threats to discipline and terminate him if he did not do as told. Torrey told that Ali's his beliefs will not dictate how he runs food service, and such was accordance to policy.

31. Mr. Ali fearing imminent reprisals complied with Defendants Knight, Pitts, Torrey and Losinski orders. But for their threats, Ali would not have modified his sincerely held religious beliefs.

32. Mr. Ali over the next 60 days, three times per/day suffered mental and physical abuse because of the repeated defilement, damnation, sinful behavior and disfavor from his Lord.

33. Defendants consciously, knowingly and intentionally calculated a design to oppress or intimidate Ali's religious practice in violation to the United States and Michigan Constitution.

34. Defendants Knight, Pitts Torrey and Losinski, made a conscious, knowing, and intentional choice to burden and deprive Ali's religious practice without a compelling law enforcement reason and least restrictive means, in violation of the United States and Michigan Constitution.

35. Defendant Washington, through its policymakers, maintains a custom and policy, set forth above, demonstrates deliberate indifference to the constitutional right of its citizens, including Mr. Ali, and were in part the moving force behind Knight, Pitts Torrey and Losinski violations.

36. Due to the unlawful conduct of Knight, Pitts Torrey and Losinski, as set forth below, Ali suffered injuries and damages:

a. suffering a deprivation of liberty to exercise a religion of his choice;

b. burdening the exercise of a sincerely held religious belief;

c. severe emotion distress for the period of which he was compelled, threaten, and coerced to disobey his religious tenets;

d. fright, shock, indignity, humiliation, outrage and embarrassment for serving haraam foods;

e. loss of religious freedom, blessings, love, help and rewards;

f. many of Ali's injuries and damages are like to be permanent;

g. other damages which may be revealed through discovery.

FIRST CAUSE OF ACTION
The Religious Land Use and Institutionalized Persons Act (42 USC §2000c)

37. Plaintiff repeats and reallege the above paragraphs as if the same were fully set forth herein.

38. RLUIPA provides, in relevant part, the following: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that the imposition of the burden on that person ... (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. §2000cc-1(a)(A)-(B).

39. Plaintiff is a "person" as defined under the RLUIPA. See 42 U.S.C. §2000cc-1(a); 42 U.S.C. §1997(3).

40. Mr. Ali's desire to worship his Lord by avoidance of haraam foods as part of a work duty constitutes as a sincerely held religious belief.

41. At all relevant times, Defendants met the definition of "government" under RLUIPA. See 42 U.S.C. §2000cc-5(4)(A)(i)-(iii).

42. At all relevant times, the location where the Defendants Knight, Pitts, Torrey and Losinski make decisions to defile himself by doing something forbidden to his religion, including Lakeland where the events alleged in this complaint transpired, are federally-funded "institutions" as defined under the RLUIPA and the Civil Rights Institutionalized Persons Act of 1980 ("CRIPA"), 42 U.S.C. §1997(1)(B)(ii)-(iii).

43. At all relevant times, Ali was "residing in or confined to institutions" as define under RLUIPA when the events alleged above transpired.

44. Defendants Knight, Pitts, Torrey and Losinski acts or omissions, policies, and customs substantially burdens religious exercise by ordering Ali to defile himself by doing something completely forbidden by his religion.

45. By threats of retaliatory sanctions and coercion to handle and distribute haraam foods the Plaintiff was not able to follow his sincerely held religious beliefs.

46. The Defendants Knight, Pitts, Torrey and Losinski have created a continuing harm and a substantial burden to Ali's ability to exercise his religion.

47. All the named Defendants acts or omissions, policies, and customs do not further a compelling governmental interest.

48. All the name Defendants acts or omissions, policies, and customs are not the least-restrictive means of furthering a compelling government interest.

49. As a direct and proximate result of Defendants' wrongful acts and omissions, Ali has sustained damages, and have suffered and continue to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

50. Defendants Knight, Pitts, Torrey and Losinski substantially burden Ali to modify his behavior and violate his beliefs.

SECOND CAUSE OF ACTION

Free Exercise Clause (42 U.S.C. §1983)

51. Ali repeats and reallege the above paragraphs as if they were set forth in full in this Count One.

52. 42 U.S.C. §1983 prohibits any person acting under color of state law, custom, or usage to deprive a citizen of rights secured by the Constitution.

53. At all relevant time, all named Defendants acted under color of state law.

54. Under the First Amendment to the Constitution of the United States of America, Mr. Ali have the right to freely exercise his religion.

55. By coercion and threats of sanctions to handle and distribute haraam foods, Defendants Knight, Pitts, Torrey and Losinski have deprived Ali of his right to freely exercise his religion in contravention of the Free Exercise Clause.

56. As a direct and proximate result of all named Defendants' unlawful discriminatory conduct, the Plaintiff has sustained damages, and have suffered and continue to suffer mental anguish, physical and emotional distress, humilitation, and embarrassment.

THIRD CAUSE OF ACTION
(First Amendment Retaliation - 42 U.S.C. §1983)

57. Plaintiff repeats and reallege the above paragraphs as if the same were full set forth at length herein.

58. Defendants Knight, Pitts, Torrey and Losinski consciously, knowingly, and intentionally violated Ali's First Amendment rights when they threaten to retaliate against him for exercising his right of religious expression.

59. All the named Defendants knew, or should have known that Ali was engaged in a constitutionally protected activity.

60. As a direct and proximate result of Ali's religious expression, all

named Defendants took adverse actions to injure, deter, humiliate, discriminate, harass and retaliate against the Plaintiff.

61. Defendants Knight, Pitts, Torrey and Losinski conduct was deliberate and intentional, and would have chilled a reasonable prudent person from engaging in such activity.

62. Plaintiff can establish a casual connection between his activities and the Defendants adverse actions against him.

63. Defendants Knight, Pitts, Torrey and Losinski's conduct to interfere with Ali's exercise of the right of religious expression violates the First and Fourteenth Amendments of the United States and Michigan Constitutions.

64. As a direct and proximate result of all named Defendants' wrongful acts and omissions, the Plaintiff has sustained damages, and have suffered and continue to suffer mental anguish, physical and emotional distress, humilitation, and embarrassment.

## FOURTH CAUSE OF ACTION
## Equal Protection Violation

65. Ali repeats and reallege the above paragraphs as if the same were fully set forth at length herein.

66. The Equal Protection Clause and Fourteenth Amendment commands that no state shall deny any person within its jurisdiction the equal protection of law.

67. Ali was denied equal access as similarly situated person to the precepts all named Defendants' classification and religious policies, United States and Michigan Constitutions, and was treated unfairly and burdened by not being allowed to freely exercise his religious beliefs.

68. Defendants Knight, Pitts, Torrey and Losinski made a conscious, knowing and intentional choice to discriminate against Ali; and did not subject similarly situated person to the same humiliation, discrimination, and different treatment as that Plaintiff was forced to suffer.

69. All named Defendants had no rational basis or legitimate state purpose for their actions against Plaintiff.

FIFTH CAUSE OF ACTION
Michigan State Constitution (Article 1, Section 4)

70. Plaintiff repeats and reallege the above paragraphs as if the same were fully set forth at length herein.

71. Article 1, Section 4 of the Constitutional of the State of Michigan provides that: "Every person shall be a liberty to worship God according to the dictates of his own conscience."

72. All named Defendants' policy requiring as part of work duties the serving or touching foods prohibited under a religious belief violates Article 1, Section 4, by disallowing the free exercise of religion.

73. As a direct and proximate result of Defendants Knight, Pitts, Torrey and Losinski's unlawful conduct, Ali has sustained damages and continue to suffer mental anguish, physical and emotional distress, humilitation, and embarrassment.

SIXTH CAUSE OF ACTION
Declaratory Judgment (Fed.R.Civ.P 57 and 58 and 28 U.S.C. §§2201-02)

74. The Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

75. Defendants Knight, Pitts, Torrey and Losinski's conduct was intentional and made with reckless indifference to Ali's religious rights.

76. Ali's rights to the free exercise of religion was infringed upon and substantially burdened by all named Defendants' conduct.

77. Defendants Knight, Pitts, Torrey and Losinski's wrongful interpretation and implementation of PD 05.01.100 to coerce and compel handling haraam food as part of Ali's work duties, is an unlawful and unconstitutional practice that infringes upon the right of Al's and other Muslim adherents in prison to freely

exercise their religion without the interference of substantially burdensome government conduct.

78. Defendants' policy, practice, and customs caused and continue to cause Ali and other potential Muslims adherents in prison harm.

79. The Plaintiff is entitled to a declaratory judgment that Defendants infringed upon and substantially burdened Ail's religious free exercise and continue to substantially burden the religious free exercise of other, similarly situated Muslim adherents in violation of federal and state law and the United States and Michigan Constitution.

80. The Plaintiff has a strong likelihood of succeeding on the merits of his claims.

Plaintiff Ali respectfully request judgment against DEFENDANTS as follows:

a. Declaring that Defendants' discriminatory practices violate the RLUIPA, 42 USC §2000cc et. seq; the Free Exercise Clause of the First Amendment to the United States Constitution; and Article 1, Section 4 of the Michigan Constitution;

b. Enjoining all named Defendants, Defendants agents, employees and successors, and all other person in active concert or participation with Defendants from forcing a prisoner - as part of his work duties - to handle or distribute foods that violate his religious beliefs;

c. Requiring Defendants to adopt nondiscriminatory policy and practices to prevent encroachment on the religious rights of arrestees and prisoners in the future;

d. Awarding such damages to the Plaintiff as will fully compensate him for his loss of rights and emotional distress suffered due to Defendants' unlawful conduct;

e. Award punitive damages to the Plaintiff;

f. Award the Plaintiff reasonable attorney fees, cost, and expenses incurred in prosecuting this action; and

g. Granting the Plaintiff such other further relief as may be just and proper.

DATED: February 1, 2024

Respectfully submitted,

FATHIREE ALI

VERIFICATION

Plaintiff Fathiree Ali, pursuant to 28 USC §1746, verify under the penalty of perjury that the facts stated herein is true and correct.

DATED: February 1, 2024

FATHIREE ALI

DECLARATION OF MAILING

Plaintiff, Fathiree Ali, declare under the penalty of perjury that the foregoing is true and correct, that on the 1st day of February 2024, he handed the prison counselor an original copy of: PLAINTIFF'S REQUEST TO FILE AN AMENDED COMPLAINT; PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND; and VERIFICATION to be mailed to: Jennifer A. Foster, at P.O. Box 30217, Lansing, MI 48909.

DATED: February 1, 2024

FATHIREE ALI