# Exhibit B

# Affidavit

# Defendant

# Palmateer (Pitts)

Exhibit B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATHIREE ALI #175762,

Plaintiff,

v

SUSAN KNIGHT, CHERYL PITTS, GREGORY TORREY, KIRSTEN LOSINSKI, and MICHIGAN DEPARTMENT OF CORRECTIONS,

Defendants.

NO. 1:22-cv-287

HON. JANET T. NEFF

MAGISTRATE JUDGE SALLY J. BERENS

Fathiree Ali #175762
*In Pro Per*
Saginaw Correctional Facility
9625 Pierce Rd.
Freeland, MI 48623

Jennifer A. Foster (P75947)
Assistant Attorney General
Attorney for Defendants
Michigan Dept. of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Fosterj15@michigan.gov

/

AFFIDAVIT OF CHERYL PALMATEER (PITTS)

I, Cheryl Palmateer, do solemnly swear and say:

1. If sworn as a witness, I can testify competently and with personal knowledge to the facts contained within this affidavit.

2. At the time the allegations in the complaint arose, my name was Cheryl Pitts and I was employed by the Michigan Department of Corrections as a Food Steward at Lakeland Correctional Facility.

3. I have no control over prisoner work assignments. Prisoners receive work assignments through classification, and I do not work in classification.

4. When prisoners first come to the kitchen, all prisoners begin in the dining room, which includes cleaning tables and working on the serving line.

5. I was given the task of conducting Mr. Ali's orientation into food service. During this process I explain all rules and procedures for working in the kitchen.

6. While Mr. Ali was going through orientation, he told me that serving on the line would violate his religious beliefs. This claim was new to me.

7. When Mr. Ali claimed he could not serve food against his religious beliefs, I talked to Food Service Director (FSD), Mr. Torrey, and he told me to still complete the orientation and said Mr. Ali could be stationed to serve foods that did not violate his beliefs.

8. I do not have authority to make decisions about work assignments or accommodations for religious beliefs. My job was to conduct orientation as assigned and then supervise workers during the day. I was not in charge of determining which prisoner worked in which assignment in the kitchen.

9. All prisoners have the ability to refuse the kitchen work assignment by signing off the assignment.

10. During the orientation process we are required to inform each prisoner that they have the ability to sign off the work assignment, but we must warn them that will result in being placed on "OO" status.

11. "OO" status refers to the section of policy that outlines what happens if a prisoner refuses or signs off of a work assignment. It limits that prisoners leisure activity during normal working hours of the day. This ensures that prisoners who

are not working, are not gaining additional privileges while others are fulfilling their work assignments.

12. I did not threaten Mr. Ali with "OO" status, I am required by policy to explain it to every prisoner during orientation.

13. I am not involvement in and have no decision-making authority about whether a prisoner is placed on "OO" status. That decision is made by classification after discussing the matter with the prisoner.

14. As was required by policy, FSD Torrey referred Mr. Ali back to classification for further consideration of work assignment or "OO" status.

15. I never threatened Mr. Ali to serve meals or be terminated with sanctions. The "sanction" would be the "OO" status that is issued by classification after classification has consideration of the matter.

16. I never told Mr. Ali that he could wash his hands and wear gloves as to not violate his religious beliefs. All prisoners who work in the kitchen are required to wash their hands and wear gloves regardless of religious belief or not.

17. At no time did I violate Mr. Ali's constitutional rights.

18. At all times I acted in accordance with my capacity as a Food Steward, in good faith, within the scope of my authority, and in accordance with my understanding of the statutes, rules and policies governing the Michigan Department of Corrections.

AFFIANT SAYS NOTHING FURTHER

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 5-13-2024

Cheryl Palmateer
Cheryl Palmateer