# Exhibit E

# Affidavit

# Defendant Torrey

Exhibit E

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATHIREE ALI #175762,

Plaintiff,

v

SUSAN KNIGHT, CHERYL PITTS, GREGORY TORREY, KIRSTEN LOSINSKI, and MICHIGAN DEPARTMENT OF CORRECTIONS,

Defendants.

NO. 1:22-cv-287

HON. JANET T. NEFF

MAGISTRATE JUDGE
SALLY J. BERENS

Fathiree Ali #175762
*In Pro Per*
Saginaw Correctional Facility
9625 Pierce Rd.
Freeland, MI 48623

Jennifer A. Foster (P75947)
Assistant Attorney General
Attorney for Defendants
Michigan Dept. of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Fosterj15@michigan.gov

/

AFFIDAVIT OF GREGORY TORREY

I, Gregory Torrey, do solemnly swear and say:

1. If sworn as a witness, I can testify competently and with personal knowledge to the facts contained within this affidavit.

2. At the time the allegations in the complaint arose, I was employed by the Michigan Department of Corrections as the Food Service Director at Lakeland Correctional Facility.

3. I was contacted by Ms. Pitts (now Palmateer) while she was conducting an orientation for Mr. Ali and a kitchen work assignment.

4. Ms. Palmateer indicated that Mr. Ali was refusing to complete orientation because serving food on the line would violate his religious beliefs.

5. This situation with Mr. Ali sticks out in my mind because I have never had a prisoner refuse the kitchen work assignment for this reason. I have not had others claim they will not serve the food based on their religious beliefs.

6. All prisoners who work in the kitchen are required to wear gloves regardless of religious beliefs and I never told Mr. Ali that wearing gloves would allow him to serve food without violating his religious beliefs.

7. I referred Mr. Ali back to the Classification Director and encouraged him to discuss the matter with her.

8. Food service has no authority to determine a prisoner's religious beliefs or grant accommodations. We simply orient those who are assigned to work in food service and then supervise them.

9. When a prisoner is assigned to food service, they all start the same way. They are oriented to the rules and procedures, and they all start on the serving line. Then as other positions open in the kitchen, they can be considered for an alternate assignment in the kitchen. This keeps the process fair for those who have worked in the kitchen longer and no one receives special treatment.

10. I am not aware of this process being circumvented by other prisoners. If a prisoner wishes to refuse the work assignment, they can, and Classification will then discuss the matter with the prisoner and, if appropriate, place them on "OO" status.

11. At no time did I violate Mr. Ali's constitutional rights.

12. At all times I acted in accordance with my capacity as a Food Service Director, in good faith, within the scope of my authority, and in accordance with my understanding of the statutes, rules and policies governing the Michigan Department of Corrections.

AFFIANT SAYS NOTHING FURTHER

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 5/10/2024

Gregory Torrey