FILED - KZ
September 25, 2024 1:07 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
mg Scanned by [handwritten initials] / 9/25/24

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

FATHIREE ALI,

Plaintiff,

vs

SUSANNE KNIGHT, et. al.

Defendants.
_______________________/

Case No. 1:22-cv-287
Honorable Janet T. Neff
Magistrate Sally J. Berens

FATHIREE ALI, #175762
Thumb Corr Facility
3225 John Conely Dr.
Lapeer, MI 48446
_______________________/

JENNIFER A. FOSTER
P.O. Box 30217
Lansing, MI 48909

PLAINTIFF'S SUR-REPLY TO DEFENDANTS'
REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

By leave of this Court's September 6th Order (ECF No. 54), Plaintiff Ali proceeds with a sur-reply on the following points:

<u>RLUIPA Claims and Request for Declaratory and Injunctive Relief Are Not Moot</u>

1. Defendants argue that Ali's claims under RLUIPA are moot, citing new evidence in the form of a Health Work Assignment Clearance, which permanently restricts Plaintiff from food service assignments. ECF 50-2, PgID.405. Defendants likewise contend that Plaintiff did not challenge the agency's policy, Id. at 388.

<u>Countervailing Evidence Impacts the Defendants Claim of Mootness</u>

2. Ali refutes Defendants' mootness claim by providing updated evidence that contradicts the assertion that Ali is permanently restricted, specifically:

a. Health Work Assignment Clearance of January 14, 2024, prepared by Saginaw Corr. Facility demonstrates no restrictions and Ali's medical clearance to work in food service. Exhibit A.

b. Thumb Corr. Facility: Ali was classified, orientated and assigned food service work detail as a line worker (Detail No. 694) on August 28, 2024. (Exhibits B - Daily Schedule: 8/27/2024 - Food Service Orientation), and (Exhibit C - Daily Schedule: 8/28/2024 - Food Service Work Detail)

These pieces of evidence demonstrate that Ali's medical and work status has changed, and as such, his claims under RLUIPA remain live, prone to repetitive injury and justiciable.

3. Likewise, Ali's. amended complaint sufficiently challenges the agency policy. (Am Compl. ECF No. 30, PgID.124, *25).

Further Evidence of Routine Assignments and No Medical Restrictions

4. The July 25, 2022, Program Classification Report prepared by Lakeland's Classification Director Daniels similarly demonstrates countervailing evidence of no medical restrictions. Exhibit D. Since this evidence pre-dates the Defendants' evidence by two weeks, it calls in into question the reporter, Nurse McIntosh, and the authenticity of their evidence. ECF No. 50, PgID.405.

5. In addition, the Program Classification Report show that, despite policy, Lakeland's classification directors routinely mandate assignments of prisoners to work food service (detail #694). This evidence also refutes Losinski's affidavits.

6. In fact, the evidence further demonstrates that the MDOC prison policies is very much alive and enforceable to cause continuous injury and a substantial burden upon his religious practice.

7. All in all, this countervailing evidence underscores the significance of Defendants contention that Ali's permanent restriction keeps him from further injury. Plainly there is a genuine dispute of material fact which a trier of fact should decide.

Objection to Court Denials and Lack of Access to Records

8. Ali objects to this Court's denial of his request to file a sur-reply addressing Defendants new claims of 1) his reputed "sham affidavit;" 2) change of defense that all prisoners are not assigned to start on the food service serving line; 3) Losinski new look of the classification process, reclassification and

Double OO status; as well as his 4) lack of access to relevant MDOC records and prisoner witnesses for these summary judgment proceedings. In support Ali cites, Aerel, S.R.L. v PCC Airfolds, LLC, 448 F3d 899, 907 (6th Cir. 2006), which highlights the importance of procedural fairness when new evidence is introduced late in the litigation process and not having to volunteer information not fairly sought by the questioner.

MDOC Agents Impedes the Integral Procedural Fairness and Access to the Court

9. Ali objects to the procedural fairness. While this Court's September 6th Order granted in part plaintiff's sur-reply, and mailed it on September 7 (Exhibit E); the Order was not delivered to Ali until September 16, 2024. See Declaration of Ali. As Ali have repeatedly conveyed to this Court, MDOC agents are withholding and interfering with his access to this Court's Order/Opinions. In this instance, MDOC agents delayed delivery leaving only two days to respond, and seemingly any procedural fairness for an adequate response.

Losinski's Fraud Upon the Court

10. Further, Losinski has committed a fraud upon this Court. Losinski admits that as Classification Director she conducted Ali's classification. ECF No. 37-2, PgID.191 at 16. Ali arrived at Lakeland on August 16, 2018, and was classified a week later. However, Losinski now avers in her affidavit that she did not preform any classification duties til December. Both of these statements can not be true, and this fraud should not be able to contaminate these proceedings. The MDOC and Court's denials of access to these prison records heightens the bar for Ali to further substantiate these claims.

Conclusion and Request for Relief

11. Given the aforementioned points, Ali's RLUIPA claims and sought relief are not moot, and requires a determination on the merits. Likewise, the dispute between the parties further demonstrate sufficient evidence at this stage for a

trier of fact determination and that the Defendants motion for summary judgment be dismissed. See Fed.R.Civ.P. 56. Ali urges the Court to deny Defendants' motion and allow this case to proceed on its merits.

Respectfully submitted,

DATED: September 18, 2024 FATHIREE ALI

VERIFICATION

Plaintiff Fathiree Ali, pursuant to 28 USC §1746, verify under the penalty of perjury that the facts stated herein are true and correct.

DATED: September 18, 2024 FATHIREE ALI

CERTIFICATE OF SERVICE

Plaintiff Fathiree Ali, declare under the penalty of perjury that the foregoing is true and correct, that on the 18th day of September 2024, he handed to the prison counselor an original copy of: PLAINTIFF'S SUR-REPLY TO DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, and VERIFICATION to be mailed to Jennifer A. Foster, AAG, at P.O. Box 30217, Lansing, MI 48909.

DATED: September 18, 2024 FATHIREE ALI

FATHIREE ALI, #175762
Thumb Corr. Facility
3225 John Conley Dr.
Lapeer, MI 48446

METROPLEX MI 480
23 SEP 2024 PM 8 L

US POSTAGE PITNEY BOWES
ZIP 48446 $ 000.97⁰
02 4W
0000376850 SEP 20 2024

Office of the Clerk
United States District Court
107 Federal Bldg.
410 W. Michigan Ave.
Kalamazoo, MI 49007

49007-374628