UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATHIREE ALI,

    Plaintiff,

v.

SUSAN KNIGHT, et al.,

    Defendants.

_____/

Case No. 1:22-cv-287

HON. JANE M. BECKERING

## OPINION AND ORDER

Plaintiff Fathiree Ali filed this prisoner civil rights action, alleging Religious Land Use and Institutionalized Persons Act (RLUIPA), retaliation, Eighth Amendment, free exercise, equal protection, and state-law claims based on Defendants forcing him to handle haram food as part of his work duties. Defendants filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant in part and deny in part the motion. The matter is presently before the Court on the parties' objections to the R&R. Both parties have filed responses to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

### LEGAL STANDARD

A district court judge reviews de novo the portions of the R&R to which objections have been made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir.

1986) (per curiam).  An objection which is not "clear enough to enable the district court to discern those issues that are dispositive and contentions" is insufficient to permit review of the magistrate judge's report. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  Furthermore, "objections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition." *Owens v. Comm'r of Soc. Sec.,* 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (quoting *Nickelson v. Warden*, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012)).

## ANALYSIS

### I.     Plaintiff's Objections

Plaintiff asserts numerous objections to the R&R.  Several of these objections are insufficient as they do not meet the specificity requirement.  For example, in his first objection, Plaintiff complains that the Magistrate Judge did not liberally construe his filings (ECF No. 60 at PageID.528), but he does not further explain this argument or object to any specific portion of the R&R.  Plaintiff's "status as a pro se litigant does not alter his duty on a summary judgment motion." *Viergutz v. Lucent Techs.,* 375 F. App'x 482, 485 (6th Cir. 2010).  Similarly, in his fourth objection, Plaintiff asks this Court to permit his Eighth Amendment claim to proceed "[b]ased on the evidence presented in these proceedings" (*id.* at PageID.536).  But he fails to identify any specific evidence to support this purported objection.  Because only specific objections are entitled to de novo review, Plaintiff's unspecific objections are denied.

A.  <u>Retaliation Claims</u>

Plaintiff argues that the Magistrate Judge erred in recommending the dismissal of his retaliation claims.  Plaintiff specifically contends that (1) his retaliation claims should not be dismissed for failure to exhaust because he mentioned retaliation during his initial in-person

attempt to resolve the matter rather than alleging retaliation in his grievance (*id.* at PageID.529-530); and (2) the threat of disciplinary sanctions constitutes an adverse action (ECF No. 60 at PageID.538-541).

The Court disagrees. "[T]he primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation[.]" *Jones v. Bock*, 549 U.S. 199, 219 (2007) (citation omitted). By failing to identify retaliation in his written grievance, Plaintiff did not allow the Michigan Department of Corrections to investigate his retaliation claims. The Court, therefore, finds that Plaintiff did not exhaust his retaliation claim. And even if Plaintiff properly exhausted his retaliation claims, the Court agrees with the Magistrate Judge's determination that being placed on unemployable status is substantially different than being placed in segregation and was not an adverse action in this case. (*See* ECF No. 58, PageID.508-509). Accordingly, Plaintiff's objections concerning his retaliation claims are denied.

B. <u>RLUIPA Claim</u>

Plaintiff next argues that the Magistrate Judge erred in concluding that Plaintiff's RLUIPA claim against Defendants in their official capacities is moot (ECF No. 60 at PageID.531-532). Plaintiff further complains that the Magistrate Judge erred in finding that RLUIPA does not allow monetary damages against Defendants in their individual capacities (*id.* at PageID.533-535).

Both arguments are without merit. First, Plaintiff's claims concern events that occurred at Lakeland Correctional Facility (LCF). In the underlying briefing, Plaintiff repeatedly argued that LCF officials were misinterpreting MDOC policy and explained how other prisons handled haram food differently. (*See* ECF No. 58 at PageID.498). The Court is not persuaded that Plaintiff still

3

faces future harm in a different facility. Because Plaintiff has since been transferred from LCF, his official capacity claims requesting injunctive and declaratory relief are now moot.

Furthermore, Plaintiff's argument regarding monetary damages against Defendants in their individual capacities is without merits. In 2023, the Sixth Circuit held that RLUIPA does not permit "money damages against state prison officials in their individual capacities." *Heyward v. Cooper*, 88 F.4th 648, 656 (6th Cir. 2023). Plaintiff's citations to cases involving the Religious Freedom Restoration Act are not persuasive. *See Ali v. Adamson*, __ F.4th __, 2025 WL 941291, at *4 (6th Cir. Mar. 28, 2025) ("Because RLUIPA's remedies demand clarity and RFRA's do not, 'appropriate relief' warrants a narrower definition under RLUIPA."). Accordingly, Plaintiff's objections related to his RLUIPA claim are properly denied.

C. Equal Protection Claim

Plaintiff also argues that the Magistrate Judge erred in dismissing the equal protection claim against Defendants Knight, Torrey, and Pitts. Plaintiff contends that the Magistrate Judge misconstrued affidavits from prisoners Andrew Blount and Johnny Murphy, and wrongly rejected an affidavit from prisoner Anthony Hoffman (ECF No. 60, PageID.536–537).

In the R&R, the Magistrate Judge determined that Hoffman, Blount, and Murphy were not similarly situated because "it appears that they were on the vegan menu, while Plaintiff was not." (*See* ECF No. 58 at PageID.504 (citing ECF No. 46-11; ECF No. 49-1 at PageID.382; ECF No. 49-2 at PageID.385)). The Magistrate Judge did not err. As explained by Defendants' objection response (ECF No. 67 at PageID.576-578), the record supports the Magistrate Judge's conclusion. In his affidavit, Hoffman stated that he had a vegan menu accommodation (ECF No. 46-11 at PageID.360). In addition, Blount and Murphy's affidavits support a finding that they also had a special accommodation (ECF No. 49-1 at PageID.382; ECF No. 49-2 at PageID.385). Plaintiff

4

did not have a special accommodation. Accordingly, Hoffman, Blount and Murphy were not similarly situated to Plaintiff, and Plaintiff's objection is denied.

D. Free Exercise Claim

Plaintiff lastly objects to the Magistrate Judge's analysis of the free exercise claim. He contends that the Magistrate Judge erred in finding that it was not clearly established that prisoners have a right not to serve food that violates their religious beliefs or even pass a tray containing such food to others (ECF No. 60 at PageID.544-547). Plaintiff primarily relies on *Williams v. Bitner*, 455 F.3d 186 (3d Cir. 2006). In that case, the plaintiff was a cook at the prison and refused to handle and divide pork rations. *Id.* at 187. As a result, Plaintiff received a misconduct ticket for which he was placed on "cell restriction" for a period of 30 days, and was fired from his cook position. *Id.* In rejecting the defendants' qualified immunity defense, the Third Circuit held that the law was clearly established that a Muslim prisoner has a right to avoid handling pork. *Id.* at 194.

There is no such precedent in this Circuit.[1] Unlike several of the cases cited by Plaintiff, this case does not involve consuming food or handling pork. There simply is no precedent establishing that an inmate does not need to pass a tray containing foods that he would not eat to someone else. Accordingly, the Court agrees with the Magistrate Judge's determination that the law was not clearly established at the time of the events in question.

---

[1] The Sixth Circuit, albeit in an unpublished order, has suggested that there is not a constitutional right in these circumstances. In *Robinson v. Jordan*, 900 F.2d 260, 1990 WL 47551 (6th Cir. 1990), the plaintiff alleged that the defendants discriminated against him by dismissing him from his job in food services because he refused to serve pork. *Id.* at *1. The district court dismissed the complaint as frivolous. *Id.* On appeal, the Sixth Circuit affirmed and reasoned that (1) there is no constitutional right to be placed in a particular prison job; and (2) "a Muslim prisoner's right to a pork-free diet would not extend to an employment situation." *Id.* (citations omitted).

In sum, Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

## II.     Defendants' Objections

Defendants assert one objection to the R&R related to the equal protection claim. They contend that the Magistrate Judge erred by failing to address whether the alleged disparate treatment lacked any rational basis (ECF No. 59).

"To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 298 (6th Cir. 2006)). If such disparate treatment burdens a fundamental right, strict scrutiny applies. *See Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976).

The Court discerns no error in the Magistrate Judge's analysis. Based on this record, it is not clear whether rational-basis or strict scrutiny applies. "Where . . . a plaintiff's Equal Protection claim is based on an asserted 'fundamental right to free exercise of religion,' the Supreme Court has applied only rational basis scrutiny in its review of an Equal Protection fundamental right to religious free exercise claim if the same set of facts fail to state a First Amendment Free Exercise claim." *Rouse v. Whitmer*, 2022 WL 2525434 at *12 (E.D. Mich. June 13, 2022) *R&R adopted by* 2022 WL 2517241 (E.D. Mich. July 6, 2022). Specifically, courts have applied the rational-basis test to an equal protection claim when the court has already determined that the related free exercise claim fails. S*ee Johnson v. Robison*, 415 U.S. 361, 375 n.14 (1974) ("Unquestionably, the free exercise of religion is a fundamental constitutional right. However, since we hold that the Act

does not violate appellee's right of free exercise of religion, we have no occasion to apply to the challenged classification a standard of scrutiny stricter than the traditional rational-basis test.").

Here, while the Magistrate Judge concluded that the law was not clearly established with respect to the free exercise claim, the Magistrate Judge did not determine there was no constitutional violation under the first prong of the doctrine of qualified immunity. It is possible, as argued by Plaintiff (ECF No. 65), that strict scrutiny could still apply in this case. Defendants do not address strict scrutiny. They just assume that the rational-basis test applies. Because Defendants' have failed to address this issue and the Court does not believe that it is adequately briefed, the Court discerns no error in the R&R.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 59 and 60) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 58) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 36) is GRANTED IN PART and DENIED IN PART; specifically, Plaintiff's RLUIPA, retaliation, Eighth Amendment, free exercise, and state-law claims and his equal protection claim against Defendants Knight, Palmateer, and Torrey are DISMISSED WITH PREJUDICE. Plaintiff's equal protection claim against Defendant Losinski proceeds.

Dated: March 31, 2025                    /s/ Jane M. Beckering
                                          JANE M. BECKERING
                                          United States District Judge