UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATHIREE ALI,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____/

Case No. 1:22-cv-287

HON. JANE M. BECKERING

## OPINION AND ORDER

Pending before the Court in this closed prisoner civil rights case are Plaintiff Fathiree Ali's motions for a new trial (ECF No. 172), an extension of time (ECF No. 186), and a stay (ECF No. 191). For the following reasons, Plaintiff's motion for a new trial is properly denied and his motions for an extension of time and a stay will be dismissed as moot.

### I. BACKGROUND

Plaintiff is a Muslim who is incarcerated with the Michigan Department of Corrections (MDOC). In March 2022, proceeding *in forma pauperis* and *pro se*, he initiated this case, alleging Religious Land Use and Institutionalized Persons Act (RLUIPA), retaliation, Eighth Amendment, free exercise, equal protection, and state-law claims based on Defendants purportedly forcing him to handle haram food as part of his work duties. Only Plaintiff's Equal Protection claim against Defendant Kirsten Losinski survived Defendants' motion for summary judgment. *See* 3/31/2025 Op. & Order, ECF No. 70. Specifically, Plaintiff claimed that Defendant Losinksi, the MDOC Classification Director at the Lakeland Correctional Facility, violated his equal protection rights

by granting a religious accommodation to another inmate (Leo Abby), while denying Plaintiff the same. The Court conducted a three-day jury trial in August 2025 on the claim. The jury returned a verdict on August 7, 2025 in favor of Defendant Losinski (ECF No. 162). A Judgment was entered that same day, closing this case (ECF No. 163).

On September 2, 2025, Plaintiff moved for a transcript of the trial at the government's expense, citing, without elaboration, "factual and legal errors" during "pretrial, voir dire and trial court proceedings" (ECF No. 167 at PageID.1078). (ECF No. 167). This Court denied the motion, determining that Plaintiff has not met the standard necessary to obtain such transcript (Order, ECF No. 175).

On September 9, 2025, Plaintiff moved for a new trial (ECF No. 172). Defendant Losinski filed a response in opposition to the motion (ECF No. 181). Because motions for new trial are not specified as dispositive, they are considered non-dispositive. *See* W.D.Mich. L.Civ.R. 7.2(a). There is no provision in this Court's Local Rules for the filing of a reply to a response to a nondispositive motion. *See* W.D. Mich. LCivR 7.3(c). Nonetheless, on October 6, 2025, Plaintiff filed a motion for an extension of time to file a reply (ECF No. 186) and filed a reply on October 17, 2025 (ECF No. 189).

On November 10, 2025, Plaintiff moved for a stay (ECF No. 191), seeking a 45-day extension to procure the trial transcript, which he indicated that he had "initiated the process to purchase," and file a supplement to his motion for a new trial (*id.* at PageID.1254). Defendant Losinski filed a response (ECF No. 193), indicating that she "does not generally oppose Plaintiff's request to stay this Court's decision" but indicating that she had "concerns about how far reaching

the stay can go" (*id.* at PageID.192).  Even though a motion for stay is also nondispositive, Plaintiff again filed a reply (ECF No. 194).[1]

## II.  ANALYSIS

### A.  Motion Standard

Plaintiff brings his motion for a new trial under Federal Rules of Civil Procedure 59(a), 59(e), and 60(b).  Federal Rule of Civil Procedure 59(a) provides, in pertinent part, that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party" for "any reason for which a new trial has heretofore been granted in an action at law in federal court."  FED. R. CIV. P. 59(a)(1)(A).  The Sixth Circuit has interpreted the language of Rule 59(a) to mean that "a new trial is warranted when a jury has reached a 'seriously erroneous' result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias."  *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, 53 F.4th 368, 379 (6th Cir. 2022) (quoting *Mosby-Meachem v. Memphis Light, Gas & Water Div.*, 883 F.3d 595, 606 (6th Cir. 2018)).  "The decision to grant or deny a motion for new trial lies within the trial court's discretion."  *EEOC v. New Breed Logistics,* 783 F.3d 1057, 1065 (6th Cir. 2015).  An abuse of discretion occurs when a court "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law."  *Smith for Schwartz v. Woolace Elec. Corp.*, 822 F. App'x 409, 413 (6th Cir. 2020).

Motions to alter or amend judgment under Rule 59(e) may be granted to "(1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change

---

[1] While Plaintiff's reply briefs are not contemplated by this Court's local rules, the Court has not stricken them from the record but given them their due consideration.

in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cty., Tenn.*, 402 F. App'x 107, 108 (6th Cir. 2010) (citation omitted).

Last, Rule 60(b) provides another mechanism for parties to seek relief from a final judgment. Under that rule, relief may be granted only on the following enumerated grounds:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Relief under Rule 60(b) is circumscribed by public policy favoring "finality" and the termination of litigation. *Salem Pointe Cap., LLC v. BEP Rarity Bay, LLC*, 854 F. App'x 688, 703 (6th Cir. 2021). For that reason, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

### B. Discussion

Plaintiff advances four grounds for a new trial or altered Judgment, which the Court considers in turn.

**1.   Unspoken Concern About Jury Venire**

Plaintiff's first ground concerns jury selection. During jury selection, there were members of the jury pool who, before hearing the facts of the case, expressed their inability to be impartial because of their *support* for Plaintiff based on racial or religious grounds or because he did not

4

have an attorney representing him.  Plaintiff did not raise any concerns to the Court about the composition of the jury array, although he referred to those members who were excused during both his opening statement and closing argument.

Plaintiff now argues that he is entitled to a new trial or altered Judgment because the "venire was prejudicially tainted in violation of due process as a result of explicit statements by a juror that he could not have a fair trial because he [Plaintiff] was black, a Muslim and that he did not resemble anyone in the courtroom, or jury pool" (ECF No. 172 at PageID.1094).  According to Plaintiff, this Court should have sua sponte either "give[n] curative instructions to the infected venire or dismiss[ed] the panel" (ECF No. 172 at PageID.1094; ECF No. 173 at PageID.1112–1113).

As Defendant emphasizes in response, this Court could not address any concern Plaintiff had about the jury pool where no concerns were voiced and no action was requested (ECF No. 181 at PageID.1155–1156, citing *United States v. Olano*, 507 U.S. 725, 731 (1993) ("No procedural principle is more familiar to this Court than that a . . . right of any other sort, may be forfeited . . . by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.") (citation omitted).  As this Court cautioned Plaintiff at the Final Pretrial Conference, any charges of discrimination in the jury selection process must be timely raised.  In particular, the "exclusive means" through which a plaintiff in a civil case may challenge the composition of the jury array is to lodge an objection "before the voir dire examination begins, or within seven days after the party discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier." 28 U.S.C. § 1867(c), (e).  *See, e.g.*, *Mullins v. Fast Motor Serv., Inc.*, 35 F.3d 566 (6th Cir. 1994) (Table) (citing *Duren v. Missouri*, 439 U.S. 357, 364 (1979)).  The forfeited issue does not supply a proper basis for a new trial or altered Judgment.  The Court

also fails to see how the excused jurors' expressions of empathy toward Plaintiff prejudiced him in any way; in fact, it was clear through Plaintiff's remarks at trial that he was touched by and appreciated their sentiments.

**2.     Permissible Reference at Trial to Plaintiff's Prior Conviction**

Plaintiff's next ground concerns his criminal convictions. On June 16, 2025, Plaintiff filed an untimely motion in limine seeking to exclude references to his criminal convictions and the criminal convictions of several of his witnesses (ECF No. 104). At the Final Pretrial Conference, relying on Federal Rules of Evidence 403 and 609(a)(1)(A), the Court indicated, in pertinent part, that if Plaintiff testified at trial, then the defense could ask a few general questions about his criminal convictions for impeachment purposes. Plaintiff took the stand, and, on cross-examination, defense counsel asked him, without further elaboration, whether a jury had convicted him of "triple murder." When Plaintiff moved for a mistrial the following morning based on the query, this Court offered to give the jury a limiting instruction at the start of the day or as part of the final set at the end of trial, and Plaintiff chose to wait until the end of trial to have the jury instructed about how to weigh the fact of his conviction.

In support of his motion for a new trial or altered Judgment, Plaintiff contends that defense counsel made "uninvited, deliberate and calculated references to Plaintiff's triple homicide conviction in violate of the in limine protective order and juror's avowed impartiality" (ECF No. 172 at PageID.1094). Plaintiff opines that the resulting prejudice deprived him of a fair trial, given that his credibility was a central issue (ECF No. 173 at PageID.1101–1103).

In response, Defendant points out that counsel did not violate the Court's pretrial order and argues that Plaintiff's prior conviction was properly used for impeachment (ECF No. 181 at PageID.1149–1151).

6

To warrant a new trial on the basis of attorney misconduct, the movant must make a "concrete showing" that the misconduct "'consistently permeated' the trial such that the moving party was unfairly prejudiced by the misconduct." *Smith v. Rock-Tenn Servs., Inc.*, 813 F.3d 298, 312 (6th Cir. 2016) (citation omitted). The only manner in which attorney misconduct would conceivably warrant altering an existing judgment under Rule 59(e) would be if altering the judgment was necessary to "prevent manifest injustice." FED. R. CIV. P. 59(e).

The jury in this prisoner civil rights case already knew that Plaintiff was a convicted person, and defense counsel was expressly permitted to reference Plaintiff's specific convictions should Plaintiff testify at trial. While counsel could have less bluntly described Plaintiff's three convictions for first-degree murder predicated on the commission of a specified felony, the description—"triple murder"—does not constitute misconduct that would warrant the relief Plaintiff seeks. *See*, *e.g.*, *Meirs v. Ottawa Cnty.*, 821 F. App'x 445, 465 (6th Cir. 2020) (concluding that the district court did not abuse its discretion in allowing the witness's criminal sexual conduct conviction to be revealed to the jury and holding that the fact that counsel described the conviction as "rape" during closing argument did not warrant a new trial). Plaintiff has not shown that defense counsel committed misconduct, let alone misconduct that "permeated" the trial. Plaintiff's argument does not reveal error, nor does his argument present grounds warranting a new trial or disturbing the Judgment in this case.

**3.     Purported Fraud**

Next, Plaintiff argues that he is entitled to a new trial or altered Judgment because defense counsel "corrupted the judicial process by introduction of evidence she knew to be false, and while knowing the truth concealed that fraud so that [the] Court and Plaintiff could rely upon that false information, so much that it impacted the integrity of the case" (ECF No. 172 at PageID.1094).

7

Specifically, Plaintiff complains about (1) Defendant's affidavit in which she misstated her start date and (2) a statement in summary judgment briefing about the date on which Abby was classified (ECF No. 173 at PageID.1114–1115).

While the parties devote much attention in briefing to the pretrial circumstances giving rise to this purported error, the error, to the extent one exists, does not constitute error that warrants a new trial or disturbing the Judgment in this case. As Defendant points out in response, "[r]emembering dates two days off from each other, does not make any material difference for the facts of this case, or result in fraud, especially when Defendant Losinski corrected the error and testified honestly at trial" (ECF No. 181 at PageID.1156). The Court agrees.

4.   **Plaintiff's Impeachment Witnesses**

Last, Plaintiff argues that his "constitutional rights to confrontation and due process under the Sixth and Fourteenth Amendments" were violated when this Court refused to permit him to call two prisoner witnesses—Aaron Sparks and James Grabiec—as impeachment witnesses at the end of trial (ECF No. 172 at PageID.1094; ECF No. 173 at PageID.1103–1109). Plaintiff wanted to call Sparks to testify that Defendant accommodated his religious beliefs and Grabiec to testify that he was classified by Losinski before December 2018 (ECF No. 173 at PageID.1105–1107).

However, as Defendant points out in response (ECF No. 181 at PageID.1152), Plaintiff relies upon inapposite authorities inasmuch as the Sixth Amendment applies to "all criminal prosecutions," U.S. Const. amend. VI, and gives an "accused" the right to confront witnesses against him. The constitutional right upon which Plaintiff relies does not apply to his civil lawsuit. Rather, under Rule 403 of the Federal Rules of Evidence, a district court may exclude relevant evidence which is otherwise cumulative, a waste of time, misleading or confusing to the jury or which causes undue delay or unfair prejudice. The district court's control over the presentation of

evidence and the interrogation of witnesses is further enhanced by the grant of certain discretionary powers under Federal Rule of Evidence 611(a).  *See generally Martin v. Weaver*, 666 F.2d 1013, 1020 (6th Cir. 1981) (describing the district court as the "governor of the trial for the purpose of assuring its proper conduct") (quoting *Geders v. United States*, 425 U.S. 80, 86 (1976)).  Here, the Court determined that neither Sparks nor Grabiec possessed relevant knowledge about the specific issue at trial, and this Court, within its discretion, therefore declined to permit the purported impeachment testimony.

In sum, Plaintiff's grounds do not, either individually or cumulatively, entitle him to the post-Judgment relief he seeks.  Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's motion for new trial (ECF No. 172) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time (ECF No. 186) is DISMISSED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion for stay (ECF No. 191) is DISMISSED as moot.

This case remains closed.

Dated:  February 4, 2026                                        /s/ Jane M. Beckering
                                                                                   JANE M. BECKERING
                                                                                   United States District Judge