UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATHIREE ALI,

Plaintiff,

v.

SUSANNE KNIGHT, et al.,

Defendants.

__________________________________/

Case No. 1:22-cv-287

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

This is a closed prisoner civil rights case. Plaintiff Fathiree Ali filed a “Request for Transcripts Under 28 U.S.C. § 753(f) for Substantial Questions for the Sixth Circuit Appellate Review” (ECF No. 205). Plaintiff broadly seeks “a free copy of all transcripts—pretrial conference, zoom meetings with Magistrate, and trial” (*id.* at PageID.2031). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court deny the motion. The matter is presently before the Court on Plaintiff’s three objections to the Report and Recommendation, to which Defendant Kirsten Losinski filed a response. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. Plaintiff has also since filed a “Request for Transmittal of Records on Appeal” (ECF No. 214), requesting the same relief. For the following reasons, the Court denies Plaintiff’s objections and denies Plaintiff’s motion.

**I**

Plaintiff, proceeding *in forma pauperis* (ECF No. 7), initiated this case in March 2022 against six Defendants. In March 2024, the Michigan Department of Corrections was dismissed as a Defendant. Four more Defendants were dismissed in March 2025, following resolution of their motion for summary judgment. The Court conducted a three-day jury trial in August 2025 on Plaintiff's remaining Equal Protection claim against Defendant Losinski. On August 7, 2025, the jury returned a verdict in favor of Defendant Losinski (ECF No. 162).

On September 2, 2025, Plaintiff moved for a transcript of the three-day jury trial at the government's expense, citing, without elaboration, "factual and legal errors" during "pretrial, voir dire and trial court proceedings" (ECF No. 167 at PageID.1078). This Court denied the motion (9/11/2025 Memo. Op. & Order, ECF No. 175) (relying on the holding in *Amadasu v. Mercy Franciscan Hosp.*, 515 F.3d 528, 530 (6th Cir. 2008) (citing *United States v. MacCollom*, 426 U.S. 317, 327 (1976)), for the determination that Plaintiff's "bare allegation" was insufficient to support his request). This Court also denied Plaintiff's motion for reconsideration (10/14/2025 Order, ECF No. 188).

On February 4, 2026, this Court denied Plaintiff's motion for a new trial, holding that the four grounds Plaintiff presented did not, either individually or cumulatively, entitle him to the post-Judgment relief he sought (Op. & Order, ECF No. 196). On March 17, 2026, Plaintiff filed an appeal to the Court of Appeals for the Sixth Circuit from this Court's decision on the motion for summary judgment, this Court's Final Pretrial Order, the Judgment closing this case, and this Court's decision denying a new trial (ECF No. 200). On April 30, 2026, Plaintiff filed the pending "Request for Transcripts Under 28 U.S.C. § 753(f) for Substantial Questions for the Sixth Circuit

Appellate Review" (ECF No. 205). On May 19, 2026, this Court granted Plaintiff's petition to proceed *in forma pauperis* on appeal (ECF No. 210).

On May 22, 2026, the Magistrate Judge issued her Report and Recommendation on Plaintiff's motion, determining that resolution of the number of pretrial issues that Plaintiff identifies for appeal "would not be aided by the transcripts he requests" (R&R, ECF No. 211 at PageID.2057, referencing Motion, ECF No. 205 at PageID.2029–2030). As to the trial-related issues that Plaintiff identified for his appeal, the Magistrate Judge relied on the reasons this Court set forth in its February 4, 2026 Opinion and Order denying Plaintiff's motion for a new trial, determining that "Plaintiff has failed to demonstrate a non-frivolous substantial question for appeal because, as the Court explained, his grounds are meritless" (*id.*). The Magistrate Judge indicated that objections to the Report and Recommendation "must be filed with the Clerk of Court within seven days of the date of personal service of this notice. 28 U.S.C. § 636(b)(1)(C)" (*id.*).

On June 15, 2022, Plaintiff filed his objections to the Report and Recommendation (ECF No. 212). On June 22, 2026, Plaintiff filed a "Request for Transmittal of Records on Appeal" (ECF No. 214). On June 24, 2026, Defendant Losinski responded to Plaintiff's objections (ECF No. 215).[1]

## II

***First***, Plaintiff objects to the Magistrate Judge's "improperly heightened standards" in (a) reducing his time for objections from 14 days to 7 days (ECF No. 212 at PageID.2058), and (b) analyzing his request for transcripts at the government's expense (*id.* at PageID.2059). Both arguments lack merit.

[1] Plaintiff also filed a "reply to Defendant's response" (ECF No. 217), which this Court has not considered because no leave was provided for the filing. *See* W.D. Mich. LCivR 72.3 (contemplating only the filing of "objections and responses").

Turning to the time frame for filing objections, this Court's Local Rules expressly permit the court, "[i]n its discretion," to shorten a time frame "without prior notice." *See* W.D. Mich. LCivR 7.1(c). As set forth more fully by Defendant Losinski (Resp., ECF No. at PageID.2078–2079), the time for filing objections to this particular Report and Recommendation was not only reasonable but also ostensibly satisfied by Plaintiff.

Nor did the Magistrate Judge apply an "improperly heightened" standard of review in analyzing Plaintiff's request to obtain transcripts at the government's expense. As set forth in the Report and Recommendation, 28 U.S.C. § 753(f) provides that the government shall pay the fees for transcripts provided to an individual with pauper status if the trial judge certifies that the appeal is not frivolous but presents a "substantial question." *Amadasu v. Mercy Franciscan Hosp.*, 515 F.3d 528, 530 (6th Cir. 2008). Plaintiff claims the proper inquiry is whether the appeal presents substantial issues that are "reasonably debatable" (Objs., ECF No. 212 at PageID.2059), and he further emphasizes that the issues he seeks to present on appeal are "not frivolous" (*id.* at PageID.2059–2062).

As Defendant Losinski explains (Resp., ECF No. at PageID.2079–2080), the phrase "reasonably debatable" originated in a 1959 opinion of a Maryland district court, where the district court then observed that "substantial question in this context is not otherwise definitely defined" and opined that "the phrase has been judicially thought to mean a substantial question exists where it is reasonably debatable." *Ortiz v. Greyhound Corp.*, 192 F. Supp. 903, 905 (D. Md. 1959). The district court indicated that "considerable care should be exercised by the trial judge in certifying as to the existence of a substantial question on appeal in a civil case of this nature which presents no very unusual situation or new principle of law to be applied to the facts." *Id.* at 906. Hence, as Defendant Losinski points out, the Sixth Circuit has likewise accompanied its subsequent use of

the phrase “reasonably debatable” with the caveat that such motion should be granted “only where the case presents unusual circumstances or where a new principle of law is involved,” or “in exceptional circumstances” (Resp., ECF No. at PageID.2080–2081, quoting *Wilson v. Morris*, 52 F.3d 327 (6th Cir. 1995) (citing *Ortiz*, 192 F. Supp. at 906), and quoting *Mitchell v. Voss*, 863 F.2d 49, at *1 (6th Cir. 1988) (Order) (citing *Ortiz*, 192 F. Supp. at 906)). In short, Plaintiff's argument fails to demonstrate that the Magistrate Judge applied an incorrect—or “improperly heightened”—standard in reviewing his request to obtain transcripts at the government's expense.

***Second***, delineating reasons why certain transcripts are necessary, Plaintiff argues that the Magistrate Judge erred in determining that resolution of his claims that arose “prior to trial” would not be aided by review of these transcripts (Objs., ECF No. 212 at PageID.2063–2064). However, in his motion considered by the Magistrate Judge, Plaintiff did not identify which hearing transcripts were needed nor any of his reasoning. *See* Mot., ECF No. 205 at PageID.2028–2031. Therefore, his “objection” reveals no factual or legal error by the Magistrate Judge. Moreover, the pretrial issues he describes do not involve “unusual” or “exceptional” circumstances such that his burden under § 753(f) would be met.

***Third***, Plaintiff reiterates his objection to the purportedly “more demanding standard for relief” applied by the Magistrate Judge and briefly contends that his “trial errors” also present “substantial questions which are debatable amongst jurist[s]” (Objs., ECF No. 212 at PageID.2064). For the reasons previously stated, Plaintiff's argument fails to demonstrate that the Magistrate Judge applied an incorrect standard in reviewing his request to obtain transcripts at the government's expense.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. This Court also denies Plaintiff's pending motion, which merely reiterates the same request. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 212) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 211) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's "Request for Transcripts Under 28 U.S.C. § 753(f) for Substantial Questions for the Sixth Circuit Appellate Review" (ECF No. 205) and Plaintiff's "Request for Transmittal of Records on Appeal" (ECF No. 214) are DENIED.

Dated: August 12, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge